1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11    JOSE S., [1]                        Case No. 2:20-cv-09561-GJS

12              Plaintiff
                                          **MEMORANDUM OPINION AND**
13        v.                              **ORDER**

14    KILOLO KIJAKAZI, Acting
      Commissioner of Social Security,[2]
15              Defendant.

16

17              **I.    PROCEDURAL HISTORY**

18        Plaintiff filed a complaint seeking review of Defendant Commissioner of

19    Social Security's ("Commissioner") denial of his application for Disability

20    Insurance Benefits ("DIB").  The parties filed consents to proceed before the

21    undersigned United States Magistrate Judge [Dkts. 8, 10] and briefs addressing

22

23    [1]    Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B)
      and the recommendation of the Committee on Court Administration and Case Management of the
24    Judicial Conference of the United States.

25    [2]    On July 9, 2021, Kilolo Kijakazi was named Acting Commissioner of the Social Security
26    Administration. *See https://www.ssa.gov/history/commissioners.html.* She is therefore substituted
      as the defendant in this action.  See 42 U.S.C. § 405(g) (referring to the "Commissioner's
27    Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in
      [their] official capacity, be the proper defendant").
28

disputed issues in the case [Dkt. 14 ("Pltf.'s Br.") and Dkt. 19 ("Def.'s Br.")].  The Court has taken the parties' briefing under submission without oral argument.  For the reasons discussed below, the Court finds that this matter should be affirmed.

## II.    ADMINISTRATIVE DECISION UNDER REVIEW

In May 2018, Plaintiff filed his application for DIB alleging a disability onset date of September 1, 2016.  [Dkt. 13, Administrative Record ("AR") 15, 154-157.] Plaintiff claimed that he suffered from diabetes, neuropathy, depression, and high blood pressure.  [AR 207.]  Plaintiff's application was denied initially, on reconsideration, and after a telephonic hearing before Administrative Law Judge ("ALJ") Philip J. Simon.  [AR 31-54.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled.  *See* 20 C.F.R. §§ 416.920(b)-(g)(1).  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date.  [AR 18.]  At step two, the ALJ found that Plaintiff suffered from severe impairments including diabetes mellitus and peripheral neuropathy.  [AR 18.]  The ALJ determined at step three that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  [AR 21.]  Next, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work, including that he can:

> lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk for six hours in an eight-hour workday with normal breaks, and sit for six hours in an eight-hour workday with normal breaks.  He can frequently use foot controls and his bilateral lower extremities. The claimant cannot climb ladders, ropes, or scaffolds.  He can occasionally perform all other postural activities.  The claimant can frequently perform activities requiring feeling in his fingertips.  The claimant must also avoid exposure to hazards, such as heights, dangerous moving machinery and walking on uneven terrain. [AR 22.]

2

1
2
3

Applying this RFC, the ALJ found at step four that Plaintiff was capable of performing his past relevant work as a Pharmacy Clerk and thus he is not disabled. [AR 25.]

4
5
6
7
8

Plaintiff objects to the ALJ's decision of non-disability on two related grounds: (1) the ALJ erred in finding that his depression is a non-severe impairment; and (2) as a result, the ALJ failed to account for all of his true limitations in the residual functional capacity finding. [Dkt. 14.] The Commissioner responds that the ALJ's decision should be affirmed. [Dkt. 19.]

9
10

### III.   GOVERNING STANDARD

11
12
13
14
15
16
17
18
19
20
21
22
23

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074. The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

24
25

### IV.   DISCUSSION

26

### 1.   The ALJ Properly Evaluated Plaintiff's Depression at Step Two

27
28

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a "severe" impairment. *See* 20 C.F.R. §§ 404.1520(c),

3

416.920(c).  The fact that a claimant has been diagnosed with and treated for a medically determinable impairment does not necessarily mean the impairment is "severe," as defined by the Social Security Regulations.  *See, e.g., Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).  To establish severity, the evidence must show the diagnosed impairment significantly limits a claimant's physical or mental ability to do basic work activities for at least 12 consecutive months.  20 C.F.R. § 416.920(c).

The step two analysis is a screening device designed to dispose of *de minimis* complaints.  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  "[A]n impairment is found not severe . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work."  *Yuckert v. Bowen*, 841 F.2d 303 (9th Cir. 1988) (quoting SSR 85-28, 1985 SSR LEXIS 19).  The claimant bears the burden of proof at this stage and the "severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs."  SSR 85-28, 1985 SSR LEXIS 19. Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking, understanding, carrying out and remembering simple instructions, responding appropriately to supervision, coworkers, and usual work situations."  *Id.*

In the present case, the ALJ determined that Plaintiff's major depressive disorder was a medically determinable mental impairment, however it was not proven to cause more than a minimal limitation in his ability to perform basic mental work activities, and is, therefore, nonsevere.  [AR 19.]  Plaintiff challenges this aspect of the ALJ's decision for three reasons.  First, he notes that the ALJ failed to give proper "weight" to the consultative examiner's major depressive disorder diagnosis.  Second, the ALJ improperly relied upon his own reading of "raw medical data" to discount Plaintiff's allegations of a severe mental impairment.

4

Third, he argues that the ALJ improperly relied on Plaintiff's performance at the administrative hearing and his regular daily activities to find his depression nonsevere. [Dkt. 14 at 5-13.] The Commissioner responds that substantial evidence supports the ALJ's finding that Plaintiff did not have a severe mental impairment. [Dkt. 19 at 5-13.]

The ALJ made extensive findings to support his determination that Plaintiff's major depressive disorder was not severe. First, as a preliminary matter, a diagnosis alone does not establish disability. *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) ("The mere existence of an impairment is insufficient proof of a disability."); *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999) ("Although the appellant clearly [has] diabetes, high blood pressure, and arthritis, there is no evidence to support his claim that those impairments are 'severe.'"). For an impairment to be "severe," it must significantly limit the claimant's physical or mental ability to do basic work activities, or the "abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1520(c), 404.1521(b). The ALJ found that Plaintiff's major depressive disorder did not have more than a minimal effect on Plaintiff's ability to perform basic work activities and, as seen below, that conclusion is fully supported by the record. [AR 19-20.]

Second, although Plaintiff argues the ALJ improperly "weighed" the medical evidence, under the updated regulations—which apply because Plaintiff filed his administrative claim after March 27, 2017—the agency is no longer required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ is to evaluate medical opinions and prior administrative medical findings by evaluating their "persuasiveness." *See* 20 C.F.R. § 404.1520c (2017). In evaluating persuasiveness, an ALJ must consider the PAMF's supportability, its consistency, the relationship between the source and the claimant, the source's

specialization, and other factors such as the source's knowledge of other evidence, social security requirements, and whether there was subsequently submitted evidence. *Id.*; 20 C.F.R. § 404.1520c(c)(1)-(c)(5).  The ALJ did so here.

Here, consistency played a key role in the ALJ's determination that Plaintiff's major depressive disorder was not severe.  The ALJ found, in part, that the consultative examiner's opinion was internally inconsistent and at odds with the overall medical record.

Dr. Ijeoma Ijeaku, the consultative psychological examiner, examined Plaintiff on July 7, 2018, and found that he was "moderately impaired in ability to understand, remember and carry out complex instructions," but he was otherwise either mildly limited or not limited in all other areas of functioning.  [AR 283-287.] During the examination, Dr. Ijeaku observed that Plaintiff was cooperative.  [AR 285.]  He "exhibited good eye contact, normal speech, a good mood, and an appropriate affect.  [AR 285.]  Dr. Ijeaku did not detect any psychomotor retardation, suicidal or homicidal ideation.  [AR 285.]  Plaintiff had a goal directed thought process, no abnormal thought content, fair concentration and memory (although with an inability to perform serial sevens and threes), alertness, orientation, an intact fund of knowledge, and fair insight and judgment."  [AR 20, 286.]

The ALJ found Dr. Ijeaku's opinion "partially persuasive" because while it was largely consistent with the minimal psychiatric treatment history, the opinion was otherwise unsupported by other evidence in the record and inconsistent with Dr. Ijeaku's own objective examination.  [AR 20.]  Specifically, the ALJ found that Dr. Ijeaku's finding that Plaintiff had a "moderate limitation in understanding, remembering, and carrying out complex instructions" contradicted Dr. Ijeaku's own exam findings which included a largely normal mental status examination.

As the ALJ pointed out, Dr. Ijeaku's opinion that Plaintiff had moderate difficulty in understanding and remembering was inconsistent with the lack of any

abnormal findings on the mental status examination. The ALJ correctly noted these clinical findings were inconsistent with Dr. Ijeaku's opinion that Plaintiff had a moderate limitation. *See Houghton v. Comm'r Soc. Sec. Admin.*, 493 F. App'x 843, 845 (9th Cir. 2012) (ALJ properly discounted medical opinions that were "internally inconsistent, unsupported by [the doctor's] own treatment records or clinical findings, inconsistent with the record as a whole, and premised primarily on [the claimant's] subjective statements which the ALJ found unreliable").

The ALJ also explained that Dr. Ijeaku's moderate limitation finding was inconsistent with the lack of mental health treatment throughout the record. The ALJ noted that Plaintiff had no history of intensive treatment or medical interventions, and no history of counseling, therapy or other mental health services from a psychiatrist. [AR 19-20.] This is a valid point. The overall medical record here is very limited, consisting of approximately 70 pages addressing mostly physical issues. [AR 266-277, 288-292, 293-348.] There are no substantive mental health treatment notes in the medical evidence of record, and the record shows Plaintiff did not seek any mental health treatment until around November 2017, over a year after he alleged his work-limiting depression. [AR 269, 283]; *see Lasich v. Astrue*, 252 Fed. Appx. 823, 825 (9th Cir. 2007) (unpublished) (ALJ properly assessed claimant's depression and anxiety as non-severe impairments, where claimant "provided little evidence of significant psychiatric or psychological findings demonstrating severe mental impairment and had not been regularly treated by a licensed psychologist or psychiatrist or received regular mental health counseling or therapy"). Thus, there was nothing in Dr. Ijeaku's findings or the overall record to suggest that Plaintiff experienced moderate limitations in his work-related functioning and Plaintiff has failed to identify any evidence suggesting that despite these findings that he had a moderate work-related limitation as a result of his depressive disorder.

Further, although Plaintiff argues that the ALJ erred when he relied on his

7

"own [lay] interpretation of [Dr. Ijeaku's] examination notes," as indicated above, the regulations specifically direct adjudicators to assess the persuasiveness of medical opinions based on supportability and consistency with the evidence. *See* 20 C.F.R. § 404.1520c(a). Thus, Plaintiff's argument that the ALJ erred when he relied on his own lay interpretation of "raw medical data" is misplaced. Here, there was no error as the ALJ interpreted Dr. Ijeaku's narrative opinion and not evidence such as complex imaging and laboratory testing results. *Cf. Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (ALJ erred when he formulated claimant's residual functional capacity based on magnetic resonance images without the benefit of any medical opinion about the functional limitations attributable to the impairments depicted in the images); *Goodman v. Berryhill*, No. 2:17-CV-01228 CKD, 2019 U.S. Dist. LEXIS 564, 2019 WL 79016, at *5 (E.D. Cal. Jan. 2, 2019) (finding that the ALJ erred in adopting state agency consultants' opinions which were rendered before "plaintiff sustained a fall in November 2014" and before "an April 2015 MRI of the lumbar spine [which] showed L1 compression deformity with worsened kyphosis . . .").

Rather than rely on Dr. Ijeaku's partially persuasive opinion, the ALJ found the opinions of the State agency reviewing psychiatrists Dr. Petzelt and Dr. Koutrakos, who concurred in their assessments that Plaintiff had no more than a mild mental impairment, fully persuasive. [AR 61-62, 76-78.] The ALJ found that the assessments of the state agency psychiatrists were supported by the record and other evidence demonstrating that Plaintiff's mental impairment caused no more than a minimal limitation in his ability to perform basic mental work activities. [AR 19.] This was an appropriate determination as the opinions of non-examining physicians may serve as substantial evidence when their opinions "are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *cf. Neugebauer v. Barnhart*, 154 Fed.App'x 649, 650 (9th Cir. 2005) ("the ALJ was free to rely on non-treating

1   agency physician reports that contained specific clinical support").

2       Finally, the ALJ appropriately found that Plaintiff's demeanor at the hearing

3   was inconsistent with his allegedly severe mental impairment.  This was not an

4   improper consideration as it was reasonable for the ALJ to infer from Plaintiff's

5   performance at the telephonic hearing that his ability to follow and respond to

6   questions contradicted a finding that he had moderate limitations in understanding,

7   remembering, and carrying out complex instructions.  [AR 20]; *see Lindsay v.*

8   *Berryhill*, 2018 U.S. Dist. LEXIS 120231, 2018 WL 3487167, at *4 (C.D. Cal. July

9   18, 2018) (ALJ properly relied upon observations that claimant's conduct at the

10  hearing was inconsistent with alleged impaired concentration or social function);

11  *Estrada v. Colvin*, 2016 U.S. Dist. LEXIS 40599, 2016 WL 1181505, at *10 (E.D.

12  Cal. Mar. 28, 2016) (ALJ was entitled to consider observations that claimant was

13  able to participate in the hearing without distraction, which contradicted hearing

14  testimony regarding maintaining concentration.)

15      In addition, the ALJ found that Plaintiff's daily activities were inconsistent

16  with his allegedly severe mental impairment.  In particular, the ALJ noted that

17  Plaintiff had no difficulty with personal care, household chores, driving a car,

18  shopping in stores and handling his finances.  [AR 20.]  He reported having a good

19  relationship with his family and in Plaintiff's May 2018 Function Report, when

20  asked how well he got along with authority figures, Plaintiff responded "good."

21  [AR 192.]  He also reported that he can pay attention "all of the time" and he had

22  never been fired from work because of problems getting along with others. [AR

23  192.]  "An ALJ is required to consider a claimant's daily activities in analyzing the

24  severity of a mental impairment at step two."  *See Lindsay v. Berryhill*, Case No.

25  SACV 17-1545-AFM, 2018 U.S. Dist. LEXIS 120231, 2018 WL 3487167, at *4

26  (C.D. Cal. July 18, 2018) (citing 20 C.F.R. §§ 404.1520a(c)-(d)).  Each of the

27  foregoing activities or abilities is supported by the record and was properly

28  considered by the ALJ in concluding that Plaintiff's mental impairment did not

impose more than minimal limitations on his functioning.  *See Haverstock v. Colvin*, 2014 U.S. Dist. LEXIS 173116, 2014 WL 7149417, at *3 (C.D. Cal. Dec. 12, 2014) (with regard to mental impairments, specific criteria which must be met in determining the existence of a severe mental impairment, requiring the ALJ to evaluate evidence of activities of daily living; social function; and concentration, persistence, or pace).  Thus, to the extent Plaintiff disagrees with the ALJ's interpretation of the impact of his daily activities, that is not a basis for remand.  *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

## 2. Substantial Evidence Supports the RFC

Relatedly, Plaintiff argues that his RFC is erroneous because the ALJ failed to account for his true limitations due to his major depressive disorder in the residual functional capacity assessment.  [Dkt. 14 at 13-15.]

The ALJ must consider all of the relevant medical opinions as well as the combined effects of all of the plaintiff's impairments, even those that are not "severe."  20 C.F.R. §§ 404.1545(a); 416.945(a); *Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003).  "[A]n RFC that fails to take into account a claimant's limitations is defective."  *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).  The ALJ must determine a claimant's limitations on the basis of "all relevant evidence in the record."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

Here, the ALJ assessed an RFC with all of the limitations the ALJ found credible and supported by substantial evidence.  There was no requirement that the RFC assessment include limitations unsubstantiated by objective medical evidence or based on subjective symptom allegations that were properly discounted. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001).  Consequently, the Court finds Plaintiff fails to show the ALJ did not adequately consider his mental impairments in the RFC.

///

**V.     CONCLUSION**

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

DATED: March 21, 2022

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

11